## WHEN JUDGMENT MAY BE SET ASIDE AT A SUBSEQUENT TERM.

Circuit Court of Wood County.

FRANK FRAZIER ET AL V. WILLIAM WALKER.

Decided, April 27, 1907.

*Judgments and Decrees—Action upon, at Subsequent Term—Motion for, must be Filed, When—Appeal—Dismissal of, for Default for Petition—Sections 6589 and 5354 to 5357—Error—Pleading—Continuance—Notice.*

1. A motion to set aside a default judgment and revive the cause for further consideration may be heard at a term subsequent to that of the entry of the judgment, only when the motion has been filed during the term of the entry and duly continued.

2. An appellate court has authority, under Section 6589, to dismiss an action and adjudge the costs against the appellant on its own motion, when the appellant is the plaintiff and is in default for a petition.

PARKER, J.; HAYNES, J., and WILDMAN, J., concur.

Error to Wood Common Pleas Court.

William Walker sued Frank Frazier and Richard Priest before a justice of the peace on November 8, 1905, in an action for money.    The verdict of the jury upon the trial was against plaintiff and judgment was entered on this verdict on December 11, 1905; he gave notice of appeal and perfected his appeal to the court of comomn pleas by giving bond and filing his transcript in that court on January 15, 1906.    The transcript was due January 15, 1906; it was in fact filed upon January 4, 1906, so that it was filed in due time.    The petition was due on the third Saturday after January 15, which would be upon February 3, 1906.    No petition was filed at that time or during that term, which was the January term.    No petition was filed at the following term, which was the April term, and on May 7, 1906, the action was dismissed.

The journal entry dismissing the case reads as follows:

"This day this cause came on for trial, and it appearing to the court that the plaintiff has failed and neglected to file his petition herein and has neglected to prosecute said cause to final judgment, and that the time has long since passed for the filing of said petition, it is hereby ordered and adjudged that the said cause be dismissed and that plaintiff pay the costs herein taxed at $———, and execution is hereby awarded."

It does not appear that any action was taken by the defendant, Frazier, to bring about the dismissal of this cause; so far as appears the court proceeded upon its own motion, upon the matter being brought in some way to its attention.

It is suggested that there was some irregularity in this proceeding, because it should have been based upon a motion, and Walker should have received notice of the motion in due time so as to be present and resist it. Section 6589, Revised Statutes, provides:

"If the plaintiff, in the action before the justice, shall appeal from any judgment rendered against such plaintiff, and after having filed his transcript and caused such an appeal to be docketed, according to the provisions of this chapter, shall fail to file a petition, or otherwise neglect to prosecute the same to final judgment, so that such plaintiff shall become non-suit, it shall be the duty of the court to render judgment against such appellant, for the amount of the judgment rendered against him by the justice of the peace, together with interest accrued thereon, and for costs of suit, and to award execution therefor, as in other cases."

We think that necessarily includes authority, where there is no judgment to be rendered against the plaintiff except a judgment for costs, to dismiss the action for want of prosecution and render judgment against the appellant for costs, and that this may be done by the court upon its own motion because of the non-prosecution of the action. So we hold that there was no irregularity in that proceeding.

At the April term, to-wit, June 11, a motion was filed by Walker to have this judgment of dismissal set aside; the ground of the motion was that he was prevented by an unfortunate

casualty from looking after his case—that he had received an injury about the time his petition was due and that he has been disabled and confined to his house ever since so that he could not look after his case. The motion was not verified. It does not appear that any notice of the filing of the motion was served upon anybody, though it is stated in argument, and we will assume that it is correct, that counsel for Frazier were advised of the motion and were present to resist it at the April term. There is nothing in the record however disclosing whether that is so, but that we regard as immaterial. No action was taken upon this motion at the April term. The next thing that appears in the record is an entry under date of November 16, 1906, which was at the September term, as follows:

"This day this cause came on to be heard upon plaintiff's motion filed at the preceding term of this court to set aside the judgment by default rendered at said term on account of failure of plaintiff to file his petition herein and for leave to plaintiff to file a petition in said cause, and, on due consideration thereof, and of the affidavits and all the proceedings in said cause and being fully advised in the premises, the court does grant said motion. It is, therefore, ordered and adjudged that the judgment by default heretofore rendered in this cause, be, and the same hereby is, set aside and held for naught, and the plaintiff is hereby granted leave to file his petition herein by November 24, 1906; to all of which the defendant excepted."

Now Frazier prosecutes error in this court to reverse this action of the court of common pleas in setting aside the judgment of dismissal and reinstating the cause and giving the plaintiff leave to file his petition.

We are of the opinion that the court of common pleas erred. That it had no authority in the premises to make this order. We do not quite agree upon all points—that is to say, we do not all arrive at this conclusion by the same process of reasoning, but we are all agreed in the conclusion, which is after all the material thing. The question has been debated before us and by us whether this motion, filed during the term at which the judgment was dismissed, could keep alive the matter with respect to which it

had invoked the action of the court—whether thereby the matter could be kept pending in court until another term so that the court might at such subsequent term hear and act upon the motion. About that we have differed somewhat; some of us being of the opinion that by a specific or a general order of continuance it might have been kept pending so that it could have been lawfully acted upon at a subsequent term, but those of us entertaining that view also entertain the view that it was not so kept pending, because there was no order of continuance either special or general, and we are of the opinion that a matter of that kind, a proceeding to vacate a final judgment which has finally disposed of a case, differs essentially from an undetermined cause, which will remain pending until it is disposed of; that this proceeding can not be kept alive from term to term without an order of continuance of some description, either general or special. One member of the court is inclined to the opinion that if it could be acted upon at all at a subsequent term as a motion, it might be continued by operation of law or might be regarded as still pending until disposed of. Those of us entertaining the opinion that it could have been continued are of the opinion that if continued it might have been acted upon at a subsequent term as a motion, while the member who is of the opinion that it might have been continued by operation of law is of the further opinion that even if that were done, it could not as a matter of law be acted upon at a subsequent term by reason of the provisions of Sections 5354 to 5357, Revised Statutes, and especially Section 5358. These sections are in a chapter upon the subject of new trial and other relief after a term at which the judgment is entered, and Par. 7 of Section 5354, Revised Statutes, has reference to the rule for relief from the consequence of unavoidable casualty or misfortune, preventing a party from prosecuting or defending an action, and Section 5358, Revised Statutes, provides that proceedings upon that account must be by petition, duly verified, whereas in this case there was no petition and no verification of the application.

I have said enough perhaps to indicate the conclusion of the court, *i. e.*, that if the application could have been heard and

granted upon a motion at a subsequent term it must be by rea-
son of the motion being filed during the term and duly con-
tinued, and a majority of the court are of the opinion that it
might have been done in that way. And we are of the opinion
that if it could not be acted upon at the subsequent term as a
motion—if the failure to continue amounted to a discontinuance
of the motion, no petition having been filed, then it follows that
the action of the court was erroneous; and we all agree that upon
one or the other of these grounds, the action of the court was
erroneous, and therefore it is reversed, with costs.

*Baldwin & Harrington*, for plaintiff in error.

*Eugene Rheinfrank*, for defendant in error.